IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 2 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01578-BNB

DEREK WILLIAM BARRINGER,

    Plaintiff,

v.

DR. MARLE FARMER, # 11636,
NICOLE WILSON, # 8219,
KEVIN MILYARD, Warden,
BEVERLY DOWIS, Heath [sic] Services Administrator, and
ARISTEDES W. ZAVARAS, Executive Director of DOC,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

    Plaintiff, Derek William Barringer, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling, Colorado, Correctional Facility. On July 12, 2007, Plaintiff submitted to the Court a Prisoner Complaint. The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which [a] plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. ***See id.***

In the Complaint, Plaintiff alleges three claims regarding his conditions of confinement. In Claim One, he asserts that his Eighth Amendment rights have been violated because he is denied access to a dentist, unless he needs to have teeth extracted. In Claims Two and Three, Mr. Barringer alleges that Defendants Aristedes W. Zavaras and Kevin Milyard have violated his Eighth Amendment rights because they approved the DOC Administration Regulation 700-04, which identifies the scope of dental service provided to DOC inmates. Mr. Barringer asserts he has exhausted his administrative remedies and seeks money damages.

The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. **See Clemmons v. Bohannon**, 956 F.2d 1523, 1527 (10th Cir. 1992). "[T]he Eighth Amendment, which specifically is concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners." **Whitley v. Albers**, 475 U.S. 312, 327 (1986); **see also Adkins v. Rodriguez**, 59 F.3d 1034, 1037 (10th Cir. 1995) (noting that the Eighth Amendment is the explicit textual source of constitutional protection in the prison context).

To establish liability under the Eighth Amendment, Plaintiff must show, in part, that Defendants acted with deliberate indifference to his health or safety. **See Farmer v. Brennan**, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate

it." *Id.* at 847.  Deliberate indifference requires a higher degree of fault than gross negligence.  **See Berry v. City of Muskogee**, 900 F.2d 1489, 1495 (10th Cir. 1990).

Plaintiff, however, does not allege that he incurred physical injury simply because he is not able to see a dentist unless he needs teeth extracted.

Furthermore, Mr. Barringer also must assert each Defendant's personal participation in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right.  **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Plaintiff shall file, within thirty days from the date of this Order, an Amended Complaint, including an original and sufficient copies, that complies with this Order and states how each named defendant personally participated in the violation of his Eighth Amendment rights.  It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States

3

District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Plaintiff fails to file within thirty days from the date of this Order an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED August 2, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01578-BNB

Derek W. Barringer
Prisoner No. 113974
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on __8/2/07__

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk